## J. V. DONIPHAN *v*. THE STATE.

1. RECOGNIZANCE — FORFEITURE — RELEASE. — S. was indicted for larceny, entered into recognizance with plaintiff in error as his surety, on the bond in May, 1872; forfeiture was taken and judgment rendered against principal and surety in 1873. The act of the legislature entitled " an act to amend the rules of practice and procedure in criminal cases in this state," was approved April 5, 1872, and took effect the 5th of June, 1872. Sec. 9, art. 12, const.: *held*, that the court erred in rendering judgment in this case. The plaintiff in error is entitled to the benefit of the act referred to, and should have been released.

ERROR to the Circuit Court of Washington County. Hon. C. C. SHACKELFORD, Judge.

The facts in the case are stated in the opinion of the court, and in the argument of counsel.

*Nugent & Yerger*, for plaintiff in error:

In this case, the simple question involved is, whether the bail bond executed by John V. Doniphan, as surety for Don Steele, who was indicted for petty larceny in April, 1872, became void

by reason of the act of the legislature, entitled " an act to amend
the rules of practice and procedure in criminal cases in this state,"
approved April 5, 1872.    There was no time specified in the act
when it should take effect, and under the provisions of the con-
stitution it became operative on the 5th of June, 1872.    Swan v.
Buck, 40 Miss., 268; West Feliciana R. R. Co. v. Johnston, 5
How., 273.    The bond in the case was given to secure the appear-
ance of Steele to answer the state on a charge of " gaming and lar-
ceny," and the indictment is for stealing "five dollars lawful
money of the United States," so that the judgment seems to
have been entered upon a bond that was not given in the case at
all.    Ditto's case, 30 Miss., 126; Douthit's case, ib., 133.

J. S. *Morris*, Attorney General, for the state.

TARBELL, J , delivered the opinion of the court.

Don Steele was indicted for petty larceny in April, 1872.    In
May thereafter, he entered into the usual recognizance for his ap-
pearance, with the plaintiff in error as his surety.    Judgment of
forfeiture was rendered against principal and surety in 1873.
From the judgment the surety prosecuted a writ of error, and it is
claimed that the bond became void by reason of the act of the
legislature, entitled " an act to amend the rules of practice and
procedure in criminal cases in this state," approved April 5, 1872.
There was no time specified in the act when it should take effect.
In such case it was not in force until June 5, 1872.    Sec. 9, art.
12, Const., Code, p. 666.

Sec. 9 of the act to amend the criminal practice, approved April
5, 1872, enacts, " that in all cases where any person has heretofore
given bail or security on recognizance for his own appearance, or
where any person has become bail or security, or recognizance for
the appearance of any other person, whether said bail bonds are
now pending in the several courts to which they were made return-
able, or whether such bonds have been forfeited and proceedings
thereon have been instituted, such bonds are hereby declared void

and of no effect; and all proceedings now pending upon any forfeiture as aforesaid are hereby suspended, and the same ordered to be dismissed at the next term of the several courts in which the same are now pending."

The case presented before the court below was this : Recognizance in May, 1872.   The statute above quoted spoke from June 5, 1872, declaring prior recognizances void, and directed the courts in which they were pending, to dismiss proceedings thereon at their next term.   Instead, in the case at bar, judgment was rendered upon the recognizance.   Accepting the law as obligatory, this was error.

Judgment reversed and proceedings dismissed.